UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BETH HART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| REEVES CONTRACTING | ) |
| COMPANY and ERIC V. YOUNG, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff Beth Hart ("Hart" or "Plaintiff"), by and through undersigned counsel, and hereby files this Complaint showing the Court as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this lawsuit against defendants Reeves Contracting, Company ("Reeves") and Eric Young ("Young") (collectively "Defendants") to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

1

2. Reeves willfully violated the FLSA by failing to pay Plaintiff for all overtime hours worked at a rate of time and one-half the required regular rate -- inclusive of all compensation not excludable from the regular rate calculation under applicable law -- for all hours worked above 40 in a workweek, and failing to pay Plaintiff all overtime compensation owed on a timely basis. Plaintiff is entitled to unpaid wages from Reeves for all hours worked above 40 in a workweek, and is also entitled to liquidated damages, pursuant to the FLSA.

## PARTIES

3. Plaintiff is an adult individual and a resident of Georgia who worked for Reeves under the job title of Administrative Assistant beginning on or about January 10, 2011, and continuing until her employment ended on or about September 19, 2013 (the "relevant period").

4. As reflected in the corporate filings contained on the Georgia Secretary of State's website, Reeves is a Georgia for-profit corporation and may be served with process through its registered agent, Eric Young, at 1400 Buford Highway, Building C-2, Sugar Hill, Georgia 30518, located within this judicial district.

5. Young is a Georgia resident subject to service at Young's principal place of business located at 1400 Buford Highway, Building C-2, Sugar Hill, Georgia 30518, located within this judicial district.

6. Upon information and belief, Reeves moved to 4000 Smithtown Road, #200, Suwanee, GA 30024 in or about August 2013, located within this judicial district.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

8. Plaintiff was employed by Reeves in this judicial district, Defendants reside and do business in this judicial district, and venue is therefore proper in this Court.

9. Plaintiff was an "employee" during her employment with Reeves as defined by the FLSA and was entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

10. Reeves was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b) & (d).

11. Reeves was, at all times during the relevant period in this Complaint and thereafter, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

12. At all times throughout the relevant period, Defendant Young was Reeves's President and Chief Executive Officer.

13. At all times throughout the relevant period in this Complaint and thereafter, Defendant Young was responsible for classification of Plaintiff's overtime status and for payment of Plaintiff's wages under the FLSA, and was a corporate officer with operational control of Reeves's covered enterprise, and may therefore be held liable in an individual capacity as an "employer" for Reeve's failure to pay overtime compensation to Plaintiff in violation of § 207 of the FLSA.

14. Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during her employment with Reeves during the relevant period.

15. Jurisdiction and venue are therefore proper in this action.

## **FACTS**

16. Each of the following allegations pertains and applies to Plaintiff throughout all or a substantial part of the relevant Period.

17. At all times during the relevant period, Reeves employed Plaintiff, and Plaintiff met the definition of an "employee," within the meaning of the FLSA.

18. At all times during the relevant period, Reeves had annual gross revenues exceeding $500,000.

19. At all times during the relevant period, and, upon information and belief, Reeves suffered or permitted Plaintiff to work in excess of 40 hours per workweek during the relevant period without receiving the legally required amount of overtime wages from Reeves for all overtime hours worked by them as required by the FLSA.

20. By way of non-exhaustive example, for the pay period ending April 7, 2013, Plaintiff worked a total of 62 hours and did not receive overtime wages for the 22 hours worked in excess of her 40 hour workweek.

21. Reeves knew and should have known that Plaintiff was covered by the maximum hour and overtime payment requirements of the FLSA.

22. Reeves's failure to pay Plaintiff the overtime compensation required by the FLSA was willful.

23. At all times during the relevant period, in addition to her regular weekly pay (referred to by Reeves as a "salary"), Plaintiff was eligible to receive, and did in fact receive, bonuses and other compensation which caused her weekly pay amounts to vary based on whether a bonus or other compensation was paid for that week and/or the amount thereof.

24. By way of non-exhaustive example, under Plaintiff's pay arrangement with Reeves, Plaintiff received bonuses in the amount of $500.00 in 2011 and $2,500.00 in 2012.

25. The bonuses paid to Plaintiff were non-discretionary.

26. Upon information and belief, Reeves has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

## COUNT ONE:

## FAIR LABOR STANDARDS ACT-- OVERTIME

27. All previous paragraphs are incorporated as though fully set forth herein.

28. Plaintiff was an employee entitled to the overtime compensation required by the FLSA throughout her work for Reeves during the relevant period.

29. On numerous occasions during the relevant period, Reeves suffered or permitted Plaintiff to work more than 40 hours in a work week without receiving overtime compensation at time-and-a-half her properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., her regular rate inclusive of her base rate for non-overtime hours and all other compensation (including bonuses) not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

30. As a result of Reeves's failure to compensate Plaintiff at a rate not less than one and one-half times the required regular rate of pay for work

performed in excess of forty hours in a workweek, Reeves violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

31.     Reeves's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

32.     Due to Reeves's FLSA violations, Plaintiff is entitled to recover from Reeves her unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of forty in a workweek, including actual and liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants finding a violation of the FLSA and awarding the following relief:

1.     Order Defendants to pay Plaintiff her unpaid back overtime pay at time-and-a-half her applicable `rate for all hours worked over 40 in a workweek during the relevant period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2.     Order Defendants to pay Plaintiff her costs and attorney's fees; and

3.  Grant such further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 2nd day of December, 2013.

>  /s/ C. Andrew Head
>  C. Andrew Head
>  Georgia Bar No. 341472
>  Jerilyn E. Gardner
>  Georgia Bar No. 139779
>  Attorneys for Plaintiff
>  FRIED & BONDER, LLC
>  White Provision, Suite 305
>  1170 Howell Mill Road, N.W.
>  Atlanta, Georgia 30318
>  Telephone: (404) 995-8808
>  Facsimile: (404) 995-8899
>  Email: ahead@friedbonder.com
>  jgardner@friedbonder.com