**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BETH HART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: |
| | ) 1:13-CV-03992-RGV |
| REEVES CONTRACTING COMPANY | ) |
| and ERIC YOUNG, | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION FOR STIPULATED JUDGMENT**
**APPROVING FLSA SETTLEMENT AGREEMENT**

Plaintiff Beth Hart ("Plaintiff" or "Hart") and Defendants Reeves
Contracting Company ("Reeves") and Eric Young ("Young") (collectively
"Defendants") (together, the "Parties"), by and through their respective
undersigned counsel, hereby file this Joint Motion for Stipulated Judgment
Approving FLSA Settlement Agreement.  In support of their joint motion, the
Parties state as follows:

**STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS**

Hart worked under the job title of "Administrative Assistant" for Reeves, a
commercial construction contracting business, under the management and/or
supervision of individual defendant Eric Young.  Hart brought this individual

1

action against Reeves and Young seeking allegedly unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Defendants contend that Hart was exempt from the overtime laws.  The Parties agreed to settle the case and now request this Court's entry of a stipulated judgment approving the settlement agreement.

A.    Pleadings and Pre-Trial Motions.

On or about December 2, 2013, Hart filed a Complaint against Defendants alleging violations of the FLSA and seeking recovery of unpaid overtime compensation, liquidated damages, and attorney's fees and costs.  [Doc. 1]  The Complaint alleges that Hart was misclassified as exempt under the FLSA.

Defendants answered alleging numerous affirmative defenses, including but not limited to asserting that Plaintiff's job duties satisfied the administrative exemption to the FLSA's overtime pay requirements.  [Doc. 5]  On January 30, 2014, Defendant filed a Consent Motion to Extend the Deadlines for Initial Disclosures, for Filing the Preliminary Planning Report, and to Postpone the Commencement of the Discovery Period [Doc. 6].  On February 26, 2014, Defendants filed a Second Consent Motion to Extend the Deadlines for Initial

Disclosures, for Filing the Preliminary Planning Report, and to Postpone the Commencement of the Discovery Period.  [Doc. 8]

B.    Discovery.

On January 21, 2014, the Parties participated in the Rule 16 early planning conference.   Subsequently, on January 23, 2014, Defendants produced Hart's payroll records and documents reflecting security scans at Defendant Reeves's two office locations.    On February 7, 2014, Plaintiff produced a copy of her 2013 calendar in which she kept notes of her estimated start and stop times for that year.

C.    Settlement Negotiations.

Accompanying the 2013 calendar notes produced to Defendants on February 7, 2014, Plaintiff sent Defendants an initial settlement demand based on Plaintiff's estimated hours for 2011 and 2012 and her estimated calendared hours for 2013, with all estimated hours cross-referenced against Defendants' produced security scan records and decreased (for purposes of settlement) for any instance where the security log records gave any indication of potentially contradicting the estimation of hours worked by Plaintiff for a particular week.  In calculating the demand, Plaintiff used the time-and-a-half method of calculating damages which Plaintiff contended resulted in a damages amount, plus fees and costs, in excess of

$110,000.  However, Plaintiff offered to settle this case for a lump sum payment by Defendants of $91,000.

Defendants, while disputing liability, promptly responded with a counteroffer of $15,000, inclusive of all fees and costs and partial payment of liquidated damages, which it believed offered Plaintiff full relief; Defendants' damages amount was calculated using the "fluctuating workweek" half-time method of calculation ("half-time").  Hart did not accept Defendants' counteroffer.

Given their divergent views on the value of the case, the Parties ultimately engaged in a full day mediation on March 12, 2014 with Atlanta attorney A. Lee Parks as the mediator, and reached agreement as to all material terms of settlement as set forth in the Settlement Agreement and Release (the "Agreement") attached hereto as Exhibit A.  Under the Agreement, without admitting liability, Defendants agree to pay the total amount of $45,000, consisting of payment to Hart net of fees and costs of $26,480 ($13,240 for alleged back overtime wages, and $13,240 for alleged liquidated damages), and payment to Hart's counsel of $18,000 for attorney's fees and $520 for costs.  The Parties expressly agreed to jointly submit the Agreement to this Honorable Court requesting the Court's approval of settlement.

4

## ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (holding claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Because the Agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (citing *Lynn's Food*, 679 F.2d at 1352-54). Accordingly, the Parties are submitting a copy of the Agreement for the Court's review, ratification, and entry of stipulated judgment approving it.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food*, 679 F.2d at 1355. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve

5

the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## I.    APPROVAL OF PAYMENT TO PLAINTIFF

There is a strong presumption in favor of finding a settlement fair.  *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").  In determining whether the settlement is fair, adequate, and reasonable, courts may (but are not required to) examine the following factors that are also used in approving the settlement of class actions under Federal Rule of Civil Procedure 23:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Alabama, Nat'l Assoc.*, 18 F.3d 1527, 1530-31, n.6 (11th Cir. 1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl- 28GJK, 2009 WL 347418, at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange County, Fla.*, No. 604CV1722ORL28JGG, 2006 WL 3614925, at *3 (M.D. Fla. Dec. 11, 2006).

1. <u>The Possible Existence of Collusion</u>.

In February, 2014, without admitting liability, Defendants provided Hart with their estimates of her overtime hours worked for settlement purposes, as well as their calculations of maximum potential overtime damages that could be owed to Hart if Defendants did not succeed on their exemption defenses.  Defendants provided this calculation of potential damages based its own estimate of Hart's hours worked, using Defendants' remedial half-time calculation.  Throughout this litigation, Defendants have insisted that Hart was properly classified as exempt, but that even if she is held to be non-exempt, Defendants contend Hart's claimed estimated hours worked were inflated, and thus should not be used in the calculation of Hart's overtime damages claimed, and her overtime damages could only be calculated by the remedial half-time method.  Throughout this litigation, Hart has maintained diametrically opposing positions on each issue.

The final settlement amount of $26,480 net of fees and costs to be paid to Hart is significantly more than the amount that Defendants contend to be the maximum possible damages that Hart could ever be awarded if entitled to overtime on its estimates of her overtime hours claimed in this case, for a maximum three year recovery period with no liquidated damages, calculated at remedial half-time,

7

the only method Defendants contend to be applicable in FLSA misclassification cases.   Thus, the settlement in this case is the ultimate result of arms-length negotiations by Parties who were well represented by counsel and made aware of all potential outcomes by counsel and the mediator, and represents a compromise between the legal positions taken by the Parties in this litigation.   The settlement is fair, the payment to Hart is equitable, and there is no evidence of collusion.

      2. <u>The Complexity, Expense, and Likely Duration of the Litigation</u>.

      The Agreement allows Hart to recover a substantial recovery now, without suffering the delay and risk of litigating her claims.   In this case, further litigation, including continued discovery and depositions, anticipated cross-motions for summary judgment, and potential appeals, could drag on for years and require the expenditure of a tremendous amount of resources.

      3. <u>The Stage of the Proceedings and the Amount of Discovery Completed</u>.

      This factor considers whether the parties have had the opportunity to fully evaluate the claims.   *Carnegie v. Mut. Sav. Life Ins. Co.*, No. Civ. A. CV-99S3292NE, 2004 WL 3715446, *22 (N.D. Ala. Nov. 23, 2004); *Meyer v. Citizens and S. Nat'l Bank*, 677 F. Supp. 1196, 1209-10 (M.D. Ga. 1988) (*citing Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1149 (11th Cir. 1983)).

In this case, as summarized above, the Defendants produced documents related to Hart's pay, security scans purporting to show her building entry and exit times, possible defenses to FLSA liability, and legal authority purporting to support its claim that remedial half-time is the appropriate method of calculation of damages. Plaintiff likewise presented Defendant with documents related to Hart's hours worked and, because Defendants did not keep track of Hart's actual hours worked, Hart contends that she was entitled to and did estimate her hours for 2011 and 2012, and Hart was in possession of her own notes that permitted her to calculate the amount she believed she was owed in unpaid overtime for 2013. Plaintiff also presented Defendants with legal authority purporting to support her claim that the time-and-a-half calculation method is the appropriate method of calculation of damages in this misclassification case.

As a result of these efforts, the Parties have had sufficient information upon which to assess the potential merit of each claim, ultimate liability, and the apparent risk of proceeding to trial.

4. The Probability of Hart's Success on the Merits.

Defendants asserted throughout this litigation that Hart is exempt from the FLSA's overtime pay requirements, but if owed any overtime wages at all, she is

only owed overtime wages calculated using the remedial half-time method, as opposed to Hart's time-and-a-half method.  Defendants contend that there was no agreement between the Parties that Plaintiff would be compensated for only 40 hours per work week.  In support of this contention, Defendants relied on their interpretation of a 2009 DOL Opinion Letter which states, "Where an employee continues to work and accept payment of a salary for all hours of work, her acceptance of payment of the salary will validate the fluctuating workweek method of compensation as to her employment."  Wage and Hour Opinion Letter FLSA 2008-3 (Jan. 14, 2009).

Conversely, Hart asserted throughout this litigation that under Eleventh Circuit precedent, including *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013), the remedial half-time method is neither the default nor the only method of calculating overtime back wages, and that it is for a jury to decide whether to award overtime damages at time-and-a-half rather than at the remedial half-time calculation.  Hart further relied on *Troutt v. Stavola Brothers, Inc.,* 905 F. Supp. 295, 300 (M.D.N.C. 1995), and *Costello v. Home Depot USA, Inc.*, 944 F. Supp. 2d 199 (D. Conn. 2013) for the proposition that the remedial half-time calculation is inapplicable in this case because Plaintiff has repeatedly asserted that

there was no clear mutual understanding that her salary was to compensate her for all hours worked.

The Parties therefore disagreed in this case on the probability of Hart's success on the merits both as to liability and damages.

5. <u>The Range of Possible Recovery</u>.

"[T]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

As stated above, the Parties dispute the calculation of damages owed on Hart's overtime hours to be awarded in this case if Defendants did not prevail on their exemption defenses.  Defendants also challenge the accuracy of Hart's recorded and/or estimated overtime hours worked as claimed in this case.

While Defendants contend that Hart is not entitled to any damages in this case, according to Defendants' calculations of maximum potential liability for damages, Hart would be entitled to recover only $5,103.10 in overtime back pay, and a maximum of only $9,896.90 in liquidated damages, attorney's fees, and costs, on her FLSA claims if Hart succeeded in overcoming Defendants'

11

exemption defense and the jury credited Hart with Defendants' estimates of her overtime hours worked.  Hart contends that her maximum possible recovery would be much higher if damages were calculated using Hart's estimates of her hours worked and the jury determines that her salary was only meant to compensate a forty-hour workweek, resulting in calculation of FLSA damages at a much higher regular rate (weekly pay divided by 40 hours) and payment of overtime back pay at time-and-a-half that dramatically higher regular rate rather than remedial half-time, doubled for liquidated damages.

The range of possible recovery would also be reduced substantially (by approximately one year) if Hart were unable to prove that Defendants' alleged violation of the FLSA was "willful," as required in order to extend the statute of limitations for recovery from two to three years preceding the date Hart filed her claim in this civil action.

Thus, given that the range of possible recovery to Hart (net of fees and costs) starts at zero if Defendants proved their exemption defenses the settlement payment of $26,480 net of fees and costs to Hart is again significantly more than Plaintiff may ultimately be entitled to recover if the litigation continued.

6. Counsels' Opinions.

Based on what the Parties learned through discovery, from extensive research and investigation, and through mediation, the Parties negotiated a fair settlement for Hart.  By settling, Hart avoids the risks of not establishing liability at trial, avoids substantial and indefinite delay in payment involved in having to wait for trial and any appeals, and avoids potential adverse determinations on damages such as rejection or reduction of the hours claimed or reduction of the calculation of overtime damages and/or liquidated damages arising from the number of overtime hours proven.  Finally, the Parties both received mutual releases of any claims arising out of or related to Hart's claims released in the Agreement. Defendants' and Hart's counsel therefore recommended acceptance of this settlement to their respective clients.

## II.   APPROVAL OF PAYMENT OF ATTORNEY'S FEES

The parties agreed to a lump sum settlement amount, from which Hart's counsel will be paid its fees and costs according to its fee agreement with Plaintiff, and thus the Agreement provides that Defendants shall pay Hart's attorney's fees in the amount of $18,000 and costs in the amount of $520.[1]

---

[1] Hart's recoverable costs include the $400 U.S. District Court filing fee, reflected on the docket as paid, and the $120 process server fees for service on two defendants.  All remaining costs will be paid by Hart's counsel out of its fee

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are therefore mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Supreme Court has held that a party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). In the instant action, Hart stands to recover a settlement payment net of fees and costs that is well in excess of the amount to be awarded if Defendants succeeded on using their estimates for overtime hours worked and on their remedial half-time payment calculation. Thus, Hart has succeeded on significant claims, and Hart's counsel is therefore entitled to payment of her attorney's fees and costs in this action by Defendants in the amount stated in the Agreement.

This was an individual overtime case rather than a collective action under the FLSA, and the Agreement specifically provides for a payment amount to Hart for her overtime and liquidated damages, and to Hart's counsel for attorney's fees

recovery. Thus, Hart will not owe any amount to her counsel if this settlement is approved.

14

and costs incurred in this action.  Therefore, as a district court within this Circuit recognized in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

Moreover, because Defendants have agreed to and do not oppose the amount or reasonableness of the attorney's fees to be paid to Hart's counsel,[2] the Court

---

[2] (Agreement, Section D: ". . . Defendants do not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Hart's attorneys' fees to be paid to Hart's Counsel out of the total Settlement Payment.") *Cf., Waters v. Int'l Precious Metals Corp*., 190 F.3d 1291, 1293 n. 4 (11th Cir. 1999) (discussing "clear sailing" agreements generally).  Federal courts have made clear that these "clear sailing" agreements are commonplace and proper in settling this type of case. *See, e.g*., *Malchman v. Davis*, 761 F.2d 893, 905 at n.5 (2d Cir. 1985) ("But where, as here, the amount of the fees is important to the party paying them, as well as to the attorney recipient . . . an agreement 'not to oppose' an application for fees up to a point is essential to completion of the Settlement, because the

need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by Hart's counsel or the amount of the total fees incurred.  *See Dail,* 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs.").

If, however, the Court nonetheless requires a fee petition or other submission for the purposes of conducting a lodestar cross-check or other analysis of the attorney's fees and costs to be paid to Hart's counsel in this settlement, Hart respectfully requests the opportunity to supplement this joint motion with the required submittal.

---

defendants want to know their total maximum exposure and the plaintiffs do not want to be sandbagged.")  Further, where, as here, the total settlement payment in an individual action includes defendant's additional payment for fees and costs under 29 U.S.C. § 216, the fees and costs cannot be strictly viewed as a deduction from the plaintiff's award, as is the case in a common fund class action settlement.

16

## <u>CONCLUSION</u>

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter the Order attached hereto as Exhibit B approving the Agreement attached hereto as Exhibit A.

Respectfully submitted this 31st day of March, 2014.


*s/ Jerilyn E. Gardner*                      *s/ C. Garner Sanford, Jr.*

| | |
|---|---|
| Jerilyn E. Gardner | C. Garner Sanford, Jr. |
| GA Bar No. 139779 | GA Bar No. 005020 |
| C. Andrew Head | Ogletree, Deakins, Nash, Smoak |
| GA Bar No. 341472 | & Stewart, P.C. |
| Attorneys for Plaintiff | One Ninety One Peachtree Tower |
| Fried & Bonder, LLC | 191 Peachtree Street, N.E. |
| White Provision, Suite 305 | Suite 4800 |
| 1170 Howell Mill Rd., NW | Atlanta, Georgia 30303 |
| Atlanta, Georgia 30318 | Telephone: (404)881-1300 |
| Telephone: (404)995-8808 | Facsimile: (404)870-1732 |
| Facsimile: (404)995-8899 | Email: |
| Email: jgardner@friedbonder.com | garner.sanford@ogletreedeakins.com |
| ahead@friedbonder.com | |

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this document was prepared in compliance with LR 7.1, NDGa.

This document was prepared in Times New Roman 14-point font.

_s/ Jerilyn E. Gardner_____
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 31, 2014, the foregoing Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

C. Garner Sanford, Jr.

*s/ Jerilyn E. Gardner*
Jerilyn E. Gardner
GA Bar No. 139779
C. Andrew Head
GA Bar No. 341472
Attorneys for Plaintiff
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Rd., NW
Atlanta, Georgia 30318
Telephone: (404)995-8808
Facsimile: (404)995-8899
Email: jgardner@friedbonder.com
ahead@friedbonder.com